Mark Ahlemeyer, OSB #095997
Assistant Federal Public Defender
Email: Mark_Ahlemeyer@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MANUEL CRUZ-RAMIREZ,

Defendant.

Case No. 3:26-cr-00047-MO-1

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Manuel Cruz-Ramirez, through his counsel Mark Ahlemeyer, respectfully submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a). A sentencing hearing is currently scheduled for September 2, 2026.

On May 27, 2026, Mr. Cruz-Ramirez pleaded guilty to Illegal Reentry, in violation of Title 8, United States Code, Section 1326(a). The government, the United States Probation Office, and the defense all agree that Mr. Cruz-Ramirez's Criminal History Category is I, and that his advisory guideline range is 0-6 months' imprisonment. At the time of sentencing, Mr. Cruz-Ramirez will have served almost seven months in custody. Accordingly, all parties

recommend the Court impose a sentence of time-served, a one-year term of supervised release, and a $100 fee assessment.

**APPLICABLE LAW**

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;
- To afford adequate deterrence to criminal conduct;
- To protect the public from further crimes of the defendant; and
- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

**SENTENCING RECOMMENDATION**

Here, there is no dispute as to the advisory guidelines or the appropriate sentence. Mr. Cruz-Ramirez has one prior misdemeanor conviction for Illegal Entry into the United States in

2018, which results in a Criminal History Category of I. After a two-level reduction for acceptance of responsibility, Mr. Cruz-Ramirez's Final Offense Level is 6, which results in a sentencing range of 0-6 months.[1]

Mr. Cruz-Ramirez has a long history of living and working in both Mexico and the United States. He first came to the U.S. in his late teens to work in asparagus fields in California. He later moved to Oregon, where he worked for about two years tending to horses at a ranch near Eugene. Then, for about three years, he did the same type of work at a ranch near Seattle, Washington. In 2012, he settled in Salem, Oregon, and worked on a ranch for about four years.

Throughout that time, Mr. Cruz-Ramirez would travel to Mexico to visit his parents. Around 2016-17, he returned to Mexico for a few years when his father passed away. Like in the U.S., Mr. Cruz-Ramirez primarily worked in the fields or on a horse ranch. Just before COVID, Mr. Cruz-Ramirez returned to Salem and continued to work on the horse ranch there. In 2023, he also began working as a seasonal, wildland fire-fighter.

However, Mr. Cruz-Ramirez understands that he has no future in the United States and looks forward to returning to Mexico. He intends to live with his ailing mother and help care for her. He expects to be able to find work—as he always has—either in the fields or on a ranch.

As noted, the advisory sentencing guideline range is 0-6 months' incarceration. Based on the facts of this Illegal Reentry case, there are no sentencing factors in §3553(a) warranting a higher sentence. As Mr. Cruz-Ramirez has already served longer than the high-end of the guidelines, the parties are jointly recommending a sentence of time-served. The defense

[1] The government and defense will jointly recommend an additional two-level downward variance to reflect Mr. Cruz-Ramirez's early acceptance of responsibility. This would reduce the Final Offense Level to 4, but the 0-6 month advisory sentencing range would remain unchanged.

respectfully requests that the Court adopt that recommendation as appropriate and sufficient, but not greater than necessary, in this case.

Dated: August 26, 2026.

*s/ Mark Ahlemeyer*
Mark Ahlemeyer, OSB #095997